**David Stanley WATTS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19158.**

United States Court of Appeals
Ninth Circuit.

Oct. 6, 1964.

---

David Stanley Watts, Lompoc, Cal. in pro. per.

Francis C. Whelan, Los Angeles, Cal., for appellee.

Before POPE, KOELSCH and DUNIWAY, Circuit Judges.

PER CURIAM.

The above named appellant appeals from an order denying his application for a writ of habeas corpus. Watts was found guilty after a plea of guilty of a charge of a violation of Title 26 U.S.C. § 4744, relating to the acquisition or obtaining of marihuana without payment of tax. He asserts that the statutes under which he was found guilty are unconstitutional. He was permitted after denial of his application in the district court to bring this appeal in forma pauperis.

The appellant's claim with respect to the alleged invalidity of the statute under which he was found guilty is precisely the same as was presented in Ruiz v. United States, 9 Cir., 328 F.2d 56. Like Ruiz he filed a petition for the writ of habeas corpus instead of seeking relief under the provisions of § 2255 of Title 28. But, for the reasons set forth in the Ruiz case, we disregard the form of the relief sought since here also Watts has made application to the same court in which his conviction was entered. He now seeks to have counsel appointed to represent him in this court on the ground of his being an indigent unable to provide counsel for himself.

The Ruiz case was decided only a few days prior to the date of the order permitting appellant to appeal in forma pauperis, and it is plain that the decision in that case had not come to the attention of the trial judge when that leave was granted. All of the questions sought to be raised by Watts upon this appeal were passed upon and determined by this court in the Ruiz case and adversely to the position taken by Watts on this appeal. It is therefore apparent that the present appeal is a frivolous one and leave to appeal in forma pauperis was therefore improvidently granted.

Accordingly, pursuant to the rule stated in United States v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562. It is ordered that the appeal be dismissed as frivolous.