Henry Lee **WISE**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 5576.

District of Columbia Court of Appeals.

Argued April 21, 1971.

Decided May 20, 1971.

Sol Rosen, Washington, D. C., appointed by this court, for appellant.

Kenneth Michael Robinson, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Ann S. Du-Ross, Asst. U. S. Attys, were on the brief, for appellee.

Before HOOD, Chief Judge, and FICK-LING and PAIR, Associate Judges.

HOOD, Chief Judge:

This appeal is from a conviction for possession of narcotics in violation of D.C. Code 1967, § 33–402. Appellant contends that his motion to suppress the narcotics should have been granted. We disagree and affirm. The facts, as found by the trial judge and supported by the record, are as follows.

On a summer afternoon two police officers received a radio call informing them of a Pepsi truck robbery at 58th and Dix Streets, N.E. Arriving on the scene they obtained from the complainant a description of the robber as a Negro male with a bush haircut wearing green trousers and a black shirt open at the collar. Cruising the neighborhood, the officers observed a car parked a couple of blocks from the scene of the robbery occupied by appellant and three other males, one of whom, sitting in the back seat, matched the description given to them minutes earlier. The occupants were drinking beer. Officer Glover approached the driver's side of the car and asked appellant, sitting in the driver's seat, for his operator's permit and registration. Officer McGinnis approached the vehicle on the passenger side. When appellant could not produce an operator's permit, Glover returned to his squad car ostensibly to call for a transport vehicle.[1] McGinnis, who remained adjacent to the car, testified that appellant reached into his shirt pocket, re-

---

1. Glover testified on cross-examination that he did not actually place a call for a transport vehicle in order to give appellant additional time to locate his permit.

moved some capsules and attempted to put them in his trouser pocket, dropping some from his person. McGinnis immediately alerted his partner who returned from the squad car, ordered appellant out of the automobile and seized capsules from his person and the car.[2]

■ Appellant's motion to suppress rested on the theory that his detention for failure to display an operator's permit constituted an arrest and such arrest was a "subterfuge to allow the police officers to search and 'check out' the vehicle and its subjects."

The instant case is on all fours with United States v. Johnson, D.C.Cir., 442 F. 2d 1239 (decided March 22, 1971) wherein the court upheld the seizure of narcotic capsules observed in plain view in the course of an investigatory stop for a traffic violation. The question as to the nature of the arrest, whether sham or otherwise, was deemed of no significance by the court because the narcotics were discovered in plain view and not by a search incident to the arrest. Since the arresting officer was lawfully entitled to approach Johnson's car, thereby placing himself in a position to view the capsules on the floorboard, the consequent seizure was valid.

■ Likewise, there was no search here. The narcotics were observed in plain view by Officer McGinnis when appellant unsuccessfully attempted to conceal them. It follows that the legality of the seizure is not to be governed by the character of the arrest,[3] if indeed one had occurred, but by the right of the officers to be in the position they were to obtain the plain view.[4] Under the circumstances disclosed there is no doubt that the officers acted with complete propriety in approaching appellant's car and making inquiry of its occupants. Accordingly the conviction is

Affirmed.

---

2. At trial it was stipulated that the capsules contained heroin.

3. The record fails to support the assertion that the arrest was merely a pretext to gather evidence.

4. Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968).

5. See Green v. United States, D.C.App., 275 A.2d 555 (decided March 31, 1971); Lucas v. United States, D.C.App., 256 A.2d 574, 575 (1969).