No. 71–615.   CHAPMAN *v.* CALIFORNIA.   Ct. App. Cal., 1st App. Dist.   It appearing the state court decision is not final, certiorari denied.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BRENNAN and MR. JUSTICE MARSHALL concur, dissenting.

Petitioner operates a bookstore in Fremont, California. On two occasions, a police officer visited the store and purchased four magazines and one paperback novel. While in the store the second time, the officer also "looked at parts" of 12 additional magazines and 14 other paperback books which were on petitioner's shelves. Based upon a reading of the four magazines, portions of the book, and the officer's conclusory affidavit, a magistrate issued an *ex parte* search warrant authorizing the seizure of the publications the officer had earlier purchased or perused.   The warrant was executed and 78 copies of 35 different titles were seized.   Among the items seized were 19 copies of nine magazines not specified in the warrant and apparently not previously evaluated by a magistrate.

Petitioner was charged with the sale or distribution of obscene matter in violation of Cal. Penal Code § 311.2. Petitioner made a motion under §§ 1538.5, 1539, and 1540 of the Cal. Penal Code to suppress the evidence and to return the property seized.   The municipal court ordered the return of the books which had not been specified in the warrant and of one book which it found not to be obscene.[1]   It denied petitioner's motion in all other re-

---

[1] It does not appear that the respondent appealed from that portion of the municipal court's order suppressing the books which had not been specified in the warrant or which had been found not to be obscene.   The Court of Appeal nonetheless upheld the admissibility of those books which had not been specified in the warrant and vacated the municipal court's order to the contrary.

spects. On appeal, the Appellate Department of the Superior Court ordered the suppression of those items which had been seized without a prior adversary hearing on their obscenity *vel non* but affirmed the municipal court with regard to the materials which had been purchased. The State then appealed and the Court of Appeal reversed in part the judgment of the Appellate Department and vacated in part the judgment of the municipal court, thereby allowing the admission into evidence of all the items except the one which had been determined not to be obscene. 17 Cal. App. 3d 865, 95 Cal. Rptr. 242. The Supreme Court of California denied a hearing and petitioner now seeks a writ of certiorari.

Our jurisdiction to review decisions of state courts is limited to "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had . . . ." 28 U. S. C. § 1257. The finality requirement, which has been with us since the Judiciary Act of 1789, § 25, 1 Stat. 85, is "[d]esigned to avoid the evils of piecemeal review," *Republic Natural Gas Co.* v. *Oklahoma,* 334 U. S. 62, 67, and is founded upon "considerations generally applicable to good judicial administration." *Radio Station WOW, Inc.* v. *Johnson,* 326 U. S. 120, 124. Our decisions make clear, however, that "this provision of the statute [has long been given a] practical rather than a technical construction." *Cohen* v. *Beneficial Loan Corp.,* 337 U. S. 541, 546. Thus, where denial of review would effectively foreclose our later consideration of a federal claim, *California* v. *Stewart,* 383 U. S. 903, 384 U. S. 436, 498 n. 71; *Hill* v. *Chicago & Evanston R. Co.,* 140 U. S. 52, 54; where postponement of review would seriously erode a federal policy, *Construction Laborers* v. *Curry,* 371 U. S. 542, 550; *Rosenblatt* v. *American Cyanamid Co.,* 86 S. Ct. 1, 3; or where determination of preliminary questions might

avoid subsequent litigation, *Mercantile National Bank* v. *Langdeau,* 371 U. S. 555, 558, we have determined that the requirement of finality had been satisfied. Similarly, where the subsequent proceedings in state court would deny the federal right for the vindication of which review was sought, we have concluded that the case was final. See, *e. g., Klopfer* v. *North Carolina,* 386 U. S. 213 (speedy trial); *Harris* v. *Washington,* 404 U. S. 55 (double jeopardy); *Colombo* v. *New York, ante,* p. 9 (double jeopardy). And, as MR. JUSTICE WHITE indicated for the Court in *Mercantile National Bank* v. *Langdeau, supra,* at 558, we have found the policies underlying § 1257 satisfied where the matter to be reviewed was entirely "separate and independent" from those to be raised in the subsequent state proceedings.[2]

In *Mills* v. *Alabama,* 384 U. S. 214, a case strikingly similar to the present one, we determined that the finality requirement had been met. There, the trial court had sustained a demurrer to the complaint, but the Supreme Court of Alabama reversed and remanded for trial. Mr. Justice Black, speaking for eight members of the Court, concluded that we had jurisdiction under § 1257:

> "The State has moved to dismiss this appeal on the ground that the Alabama Supreme Court's judgment is not a 'final judgment' and therefore not appealable under § 1257. The State argues that

_____

[2] "This is a separate and independent matter, anterior to the merits and not enmeshed in the factual and legal issues comprising the plaintiff's cause of action. Moreover, we believe that it serves the policy underlying the requirement of finality in 28 U. S. C. § 1257 to determine now in which state court appellants may be tried rather than to subject them, and appellee, to long and complex litigation which may all be for naught if consideration of the preliminary question of venue is postponed until the conclusion of the proceedings." 371 U. S., at 558.

since the Alabama Supreme Court remanded the case to the trial court for further proceedings not inconsistent with its opinion (which would include a trial), the Supreme Court's judgment cannot be considered 'final.' This argument has a surface plausibility, since it is true the judgment of the State Supreme Court did not literally end the case. It did, however, render a judgment binding upon the trial court that it must convict Mills under this state statute if he wrote and published the editorial. Mills concedes that he did, and he therefore has no defense in the Alabama trial court. Thus if the case goes back to the trial court, the trial, so far as this record shows, would be no more than a few formal gestures leading inexorably towards a conviction, and then another appeal to the Alabama Supreme Court for it formally to repeat its rejection of Mills' constitutional contentions whereupon the case could then once more wind its weary way back to us as a judgment unquestionably final and appealable. Such a roundabout process would not only be an inexcusable delay of the benefits Congress intended to grant by providing for appeal to this Court, but it would also result in a completely unnecessary waste of time and energy in judicial systems already troubled by delays due to congested dockets. The language of § 1257 as we construed it in *Pope* v. *Atlantic Coast Line R. Co.,* 345 U. S. 379, 381–383, does not require a result leading to such consequences. See also *Construction Laborers* v. *Curry,* 371 U. S. 542, 548–551; *Richfield Oil Corp.* v. *State Board,* 329 U. S. 69, 72–74. Following those cases we hold that we have jurisdiction." 384 U. S., at 217–218. (Footnotes omitted.)

In a concurring opinion joined by MR. JUSTICE BRENNAN, I said:

"We deal here with the rights of free speech and press in a basic form: the right to express views on matters before the electorate. In light of appellant's concession that he has no other defense to offer should the case go to trial, and considering the importance of the First Amendment rights at stake in this litigation, it would require regard for some remote, theoretical interests of federalism to conclude that this Court lacks jurisdiction because of the unlikely possibility that a jury *might* disregard a trial judge's instructions and acquit.

"Indeed, even had appellant been unwilling to concede that he has no defense—apart from the constitutional question—to the charges against him, we would be warranted in reviewing this case. That result follows *a fortiori* from our holdings that where First Amendment rights are jeopardized by a state prosecution which, by its very nature, threatens to deter others from exercising their First Amendment rights, a federal court will take the extraordinary step of enjoining the state prosecution." 384 U. S., at 221. (Citations omitted.)

The issues petitioner tenders are important ones. They go to the constitutionality of mass seizures of materials presumptively protected by the First Amendment, *Quantity of Books* v. *Kansas,* 378 U. S. 205; *Marcus* v. *Search Warrant,* 367 U. S. 717; the need for a prior adversary hearing before protected materials are condemned as obscene, *Lee Art Theatre, Inc.* v. *Virginia,* 392 U. S. 636; *Quantity of Books* v. *Kansas, supra;* the procedural burdens which must be overcome to secure the return of protected materials, *United States* v. *Thirty-seven Photographs,* 402 U. S. 363; cf. *Freedman*

v. *Maryland,* 380 U. S. 51; the sufficiency of the officer's affidavit, the seizure of materials not specified in the warrant, *Stanley* v. *Georgia,* 394 U. S. 557, 569 (STEWART, J., concurring); *Marron* v. *United States,* 275 U. S. 192; and, of course, the obscenity *vel non* of the publications.

No significant question of fact or law remains for trial. It seems beyond argument that petitioner possessed the publications in question "for sale or distribution." Cal. Penal Code § 311.2. Petitioner's only viable defenses appear to be whether the publications were constitutionally protected and whether their seizure in some way was procedurally defective. These issues were passed upon by the courts below and are now before us for decision.

The purpose of furthering economy in judicial administration would plainly be served by deciding these questions now rather than by sending petitioner through the formalities of a trial and months—if not years—of repetitious appellate review before allowing him to present to this Court again the very issues that are here now.[3] California has sought to conserve its judicial resources by providing pretrial appellate review of suppression hearings. Where the admissibility of evidence is the only real issue, this policy generally results either in the prompt dismissal of the charges without trial or in a plea bargain and guilty plea. The interests in the smooth working of our federal system and our accommodation of California's interests in pretrial adjudication of dispositive questions of law dictate that we not postpone our consideration of the federal questions now presented.

---

[3] Even if the California courts refuse to reconsider their earlier rulings, petitioner will be free to present the same claims now raised in the present petition for a writ of certiorari. R. Stern & E. Gressman, Supreme Court Practice 102 (4th ed. 1969).

This is not a case involving only a pretrial motion to suppress. Rather, the motion now before us embraces all of the evidence the prosecution will introduce at trial and common to all of these items is the issue of their obscenity *vel non*. *Mills* v. *Alabama, supra,* teaches that where First Amendment rights are involved, compliance with procedural formalities before allowing their vindication in this Court is not necessary unless those procedures are meaningful.

I would follow *Mills* and grant the petition for a writ of certiorari and put the case down for argument.