**William A. WALKER, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 6940.**

District of Columbia Court of Appeals.

May 4, 1973.

Peter Kolker, Washington, D. C., and Bruce B. McHale were on the Opposition to Motion for Summary Affirmance and brief for appellant.

Harold H. Titus, Jr., U. S. Atty., John A. Terry and Frederick C. Moss, Asst. U. S. Attys., were on the Motion for Summary Affirmance for appellee.

Before KELLY and NEBEKER, Associate Judges, and HOOD, Chief Judge, Retired, in chambers.

NEBEKER, Associate Judge:

The United States seeks summary affirmance of appellant's conviction of carrying a pistol without a license.[1] Since the only issue presented in this appeal has earlier been determined by this court in a pretrial government appeal from an order of suppression,[2] we view the instant appeal as frivolous and dismiss.

In the earlier appeal we held the search to have been valid and reversed the suppression order. United States v. Walker, D.C.App., 294 A.2d 376 (1972). Appellant, personally and through counsel, waived jury trial and stipulated on the question of guilt that the officers who testified at the suppression hearing would give the same testimony at trial and that appellant did not possess the necessary license. Appellant then orally renewed his motion to suppress without offering any new evidence. The motion was denied in light of the binding effect of this court's decision. The government and the defense then agreed to submit without further evidence or argument. The court, finding that the stipulations covered every element of the offense charged, found appellant guilty. Appellant filed a notice of appeal, and the only issue presented for review is our previous decision reversing the suppression order.

In view of the foregoing, we find that appellant presents no substantial question worthy of consideration,[3] and we therefore dismiss this appeal as frivolous. In this case the same issue, pertaining to the same defendant, was already decided by this court. When the pretrial suppression motion was finally decided against the appellant, it became the "law of the case." Jenkins v. United States, D.C.App., 284 A.2d 460, 463 (1971) (footnote omitted). Moreover, in M.A.P. v. Ryan, D.C.App., 285 A.2d 310 (1971), we said:

> As a matter of internal policy, we have adopted the rule that no division of this court will overrule a prior decision of this court . . . , and that such result can only be accomplished by this court en banc. [*Id.* at 312; footnote omitted.]

Of course, this same division decided the earlier appeal and in the interest of efficiency we decide this case. What was said in M.A.P. of the binding effect of prior decisions applies with equal force to an identical division subject to a timely petition for rehearing. This appeal cannot operate as a substitute for an untimely petition for rehearing. We also note that no petition for writ of certiorari was filed in the Supreme Court in the earlier appeal. *Cf.* Chapman v. California, 405 U.S. 1020, 92 S.Ct. 1284, 31 L.Ed.2d 483 (1972) (mem.); Mills v. Alabama, 384 U.S. 214, 86 S.Ct. 1434, 16 L.Ed.2d 484, (1966); ABA Standards Relating to Criminal Appeals, Part I, § 1.3, commentary c., at 32 (relating to sham trials) (Approved Draft, 1970).

In this case the same issue and the same record are again before us. No new facts or issues are presented for our consideration. We therefore conclude that the appeal is frivolous and should be dismissed. *See* Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Vick v. United States, 113 U.S.App.D.C. 12, 13, 304 F.2d 379, 380 (1962); Watts v. United States, 336 F.2d 999, 1000 (9th Cir. 1964); D.C.App.R. 42(c).

So ordered.

---

1. D.C.Code 1967, § 22–3204.

2. D.C.Code 1972 Supp., § 23–104(a).

3. Davis v. United States, 214 F.2d 594 (7th Cir. 1954).