**UNITED STATES, Appellant,**

v.

**Jean A. BURTON and Jacqueline L. Burton, Appellees.**

**No. 7893.**

District of Columbia Court of Appeals.

Argued June 19, 1974.

Decided Oct. 29, 1974.

Steven R. Schaars, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Roberta T. Eaton, Asst. U. S. Attys., were on the brief, for appellant.

Simon L. Weker and Frederick W. Rosenberg, Bethesda, Md., for appellees.

Before KELLY and FICKLING, Associate Judges, and PAIR, Associate Judge, retired.

PER CURIAM:

Pursuant to the provision of D.C.Code 1973, § 23–104(a)(1), the government appeals from the grant of appellees' motion to suppress pertinent evidence seized from an automobile in which appellees were riding. We reverse.

The trial testimony was that about 6:40 p. m. on September 6, 1973, while driving his motor scooter west on New York Avenue, N.W., Officer Alvin L. Fisher observed a car stopped in the left turn lane at the intersection of Seventh Street and the Avenue. It appeared to Fisher that the operator of the stopped car was trying to attract the attention of another nearby police officer. He approached the car on the passenger side to inform the driver that she could not at that hour turn left at the intersection. Appellee Jacqueline L. Burton, the driver, was at the time smoking a pink cigarette and when she turned and exhaled smoke in his direction Fisher noted the smoke had a strange odor.

Officer Fisher moved his scooter to the front of the car, dismounted and approached the driver to ask her what she was smoking. As he did so he noticed the passenger, appellee Jean L. Burton, "vigorously attempting to conceal something" at the base of the front seat. Fisher ordered both women out of the car in order to make sure the passenger was not attempting to conceal a weapon from him. He then returned to the passenger side of the car and in looking into the front seat spotted a yellow transparent pill vial containing seeds and a dust-like substance which appeared to him to be marijuana. The appellees were then placed under arrest.

Jacqueline Burton testified that because the rented vehicle she was driving had a flat tire she was seeking police permission to make an illegal left turn in order to reach the nearby rental company. She denied that she was smoking a pink cigarette when Officer Fisher approached the car but did say she had been smoking a small aromatic cigar about five minutes before. In addition, her mother, who was quite religious, had been burning incense in the car earlier that afternoon. She further testified that what to Officer Fisher appeared to be a suspicious motion was merely her passenger's attempt to reach for her (Jacqueline's) wallet which contained her driver's license. Jean Burton's testimony was much the same.

The trial court first found that Officer Fisher's approach to the car in which appellees were riding was neither for the purpose of conducting a spot check nor of stopping the car for a traffic violation. Then, citing Wise v. United States, D.C. App., 277 A.2d 476 (1971), it said:

> Therefore, the essential question in this case is the right of Officer Fisher to be where he was, that is by the driver's side, when he observed the movement of Miss Jean Burton to hide something, which then led him to ask them out, and which led to his viewing something. *This whole question comes down to the officer's right to be in the position of the driver's side.* The Court finds he had no right to be there. [Emphasis supplied.] [1]

This court held in Wise v. United States, *supra* at 477, that "the legality of [a] seizure is not to be governed by the character of the arrest, if indeed one had occurred, but by the right of the officers to be in the position they were to obtain the plain view." [2] Applying this holding to the case at bar it is our judgment that Officer Fisher had every right to be in a position to view the incriminating evidence in this case. His initial approach to the car to warn the operator against making an illegal left turn was proper police action. Indeed, at that very moment the driver was trying to attract the attention of the police to ask permission to make such a turn. Once Fisher noticed the large, odd colored, and apparently hand rolled cigarette and smelled the strange odor of the smoke blown in his face further investigation was permissible even though the suspicious odor was not immediately identifiable. And because he had the right to investigate circumstances which to him were suspicious by inquiring of the driver about the cigarette she was smoking, he could also approach the driver on her side of the car for that purpose. It was when he moved to the driver's side of the car to speak with appellee Jacqueline Burton that Officer Fisher saw the furtive motions of appellee Jean Burton. As he noted these movements, which to him signified an attempt to conceal something from view, he prudently asked the occupants to step from the car and returned to the passenger side to ensure that a weapon was not being concealed in the front seat. It was at this point that Officer Fisher obtained a plain view of the plastic vial and its contents.

We hold that given the developing sequence of events occasioned by the street confrontation between Officer Fisher and the appellees in this case, it was error for the trial court to rule that the officer had no right initially to be in a position on the driver's side of the car from where he observed the movements of appellee Jean Burton which eventually led to the discovery of contraband. Accordingly, the judgment granting the motion to suppress is

Reversed.

1. Tr. at 91.

2. *Cf.* United States v. Johnson, 143 U.S.App. D.C. 215, 442 F.2d 1239 (1971).