**Michael Edward HEMSLEY, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 9313.**

District of Columbia Court of Appeals.

Submitted Nov. 18, 1975.

Decided Feb. 27, 1976.

Edward McKenna, Washington, D. C., appointed by this court, for appellant.

Earl J. Silbert, U. S. Atty., and John A. Terry, Stuart M. Gerson, Richard H. Saltsman and John L. Kern, Asst. U. S. Attys., Washington, D. C., for appellee.

Before KERN, YEAGLEY and MACK, Associate Judges.

YEAGLEY, Associate Judge:

Appellant was convicted below of carrying an unlicensed pistol in violation of D.C.Code 1973, § 22–3204. He contends on appeal that the police officers who seized the pistol were acting outside their authority at the time they made a plain-view observation of the weapon and that consequently the court below should have granted his motion to suppress. He also contends that he was denied effective assistance of counsel by the failure of the court to solicit closing argument at the conclusion of the suppression hearing. We find the arguments to be without merit and affirm.

On the night of December 25, 1974, Officers Michael K. Smith and Philip R. Fredericks were traveling southbound on Benning Road near the District line when they spotted a maroon Thunderbird automobile proceeding ahead at an excessive rate of speed. They followed but lost the car in traffic close to the Maryland border. They then continued their patrol and shortly afterwards spotted what appeared to be the same automobile parked at the intersection of Alabama and Massachusetts Avenues, S.E. When they stopped, appellant stepped from the parked car leaving the driver's side door ajar. Officer Smith met the appellant at the rear of the latter's automobile. From this position, after demanding and receiving appellant's license and registration, Smith observed in plain view the butt end of a handgun protruding from a paper bag resting between the car seat and the open door. The pistol was seized, appellant's motion to suppress was denied, and the ensuing trial resulted in a conviction.

■ We find no error in the trial court's rejection of the appellant's attempt to sup-press the seized pistol. The police officers reasonably believed appellant's vehicle to be the same automobile they had trailed and then lost on Benning Road. The demand for appellant's license and registration was made in the legitimate investigation of the speeding offense which they had earlier witnessed.[1] As the pistol was observed in plain view during a permissible exercise of police authority, it was subject to seizure and could properly be introduced into evidence. *Harris v. United States,* 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed. 2d 1067 (1968); *United States v. Burton,* D.C.App., 327 A.2d 308 (1974); *Rippy v. United States,* D.C.App., 322 A.2d 276 (1974).

Appellant cites in support of his second argument the recent Supreme Court decision in *Herring v. New York,* 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975), where the Court overruled a New York statute conferring upon judges in nonjury criminal trials the power to deny counsel any opportunity to make a summation of the evidence before rendition of judgment. The Court held that in denying the appellant the right to summation under the authority of the statute it denied him the assistance of counsel that the Constitution guarantees. The rationale of the decision stressed the importance of closing argument "as a basic element of the adversary factfinding process". (95 S.Ct. at 2553.)

We find nothing in that opinion to indicate that in deciding that the right of summation is guaranteed by the Constitution that the Court considered its holding to be applicable to any other stage of the criminal trial. We know of no decision of any other jurisdiction that has gone so far and we see not the slightest suggestion that the Supreme Court intended the decision to apply to anything other than closing argument. There is no basis in law or reason for the granting of oral argument to a defendant as a matter of right on every

1. *See McGee v. United States,* D.C.App., 270 A.2d 348 (1970); *Taylor v. United States,* D.C.App., 259 A.2d 835 (1969).

motion filed or on every alleged error in the proceedings. If the *Herring* decision is not so limited the broad discretion of the trial judge in controlling the conduct of judicial proceedings would be eviscerated.

■ However, we need not rest the decision here on that ground. Appellant failed to request argument on the motion at the suppression hearing and instead allowed the court to adjourn at that juncture without objection. The hearing was not lengthy and appellant's legal arguments were fully presented in his written motion and accompanying memorandum. In view of the nature of the claim appellant now makes and his failure to raise it at trial, we conclude that the absence of oral argument on the motion, if prejudicial at all, does not constitute plain error. Super.Ct. Cr.R. 52(b); *Hill v. United States*, D.C. App., 280 A.2d 925 (1971); *Bunter v. United States*, D.C.App., 245 A.2d 839 (1968).

*Affirmed.*