James R. LEWIS, Appellant,

v.

UNITED STATES, Appellee.

Gary A. MOSLEY, Appellant,

·v.

UNITED STATES, Appellee.

Nos. 11045 and 11255.

District of Columbia Court of Appeals.

Submitted Sept. 21, 1977.

Decided Nov. 17, 1977.

Charles F. Stow, III, was on the brief for appellant Lewis.

E. Williiam Tupling, Washington, D. C., appointed by this court, was on the brief for appellant Mosley.

Earl J. Silbert, U. S. Atty., John A. Terry, William D. Pease, Hamilton P. Fox, III, and Robert I. Richter, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before KELLY, YEAGLEY and HARRIS, Associate Judges.

YEAGLEY, Associate Judge:

On November 4, 1975, at approximately 1:30 a. m., Metropolitan Police Officer Thomas Burnett observed a pickup truck speed away from the 300 block of New York Avenue, N.W., in the District of Columbia. At the same time, two persons standing nearby shouted that they had just been robbed by the men in the truck.

Officer Burnett gave chase in his scout car and stopped the truck and its three occupants within approximately five blocks. Officer Burnett approached the left side of the vehicle and asked the operator for his driver's license and registration. Mr. Washington,[1] the truck's owner, exited the passenger side and produced the requested documents. He then returned to the truck where appellant Mosley was seated. Appellant Lewis, the driver, also presented his driver's license and remained outside with Officer Burnett as police backup units and one of the robbery victims, Mr. Wiggins, arrived simultaneously.

Mr. Wiggins told the officer that he had given appellants and Washington $7 for some rings, and that the men had driven away without providing them.

Officer Burnett placed the three men under arrest for larceny by trick[2] and read them their rights. He searched them and recovered Mr. Wiggins' $7 from appellant Mosley. The officer then walked toward the open passenger side door of the truck and there observed what appeared to be the butt end of a handgun on the truck's floor and a neatly folded dollar bill lodged suspiciously between the armrest and the open door.

Mobile crime lab officers soon arrived and removed those items. Inside the folded dollar bill they found a white powder substance, later identified as heroin.

Police impounded and removed the vehicle to the precinct station. The following day, police conducted an inventory search of the vehicle and in its tool box discovered a bag of white powder, another folded dollar bill containing white powder, and a burned bottle cap with traces of heroin and quinine. They found also a syringe on or under the seat near the middle of the cab.

On December 9, 1975, appellants were indicted for carrying a pistol without a license (D.C.Code 1973, § 22–3204) and for unlawful possession of a narcotic drug (D.C. Code 1973, § 33–402). On January 23, 1976, the trial court denied appellants' motions to suppress all evidence seized from the truck. Trial commenced on February 9, 1976, and the following day the jury found appellants guilty as charged.

On April 29, 1976, appellant Lewis was sentenced to 40 to 120 months on the pistol count and to a concurrent term of nine months on the narcotics count. The court

---

1. Prior to trial defendant Washington entered a plea of guilty to a misdemeanor charge of carrying a pistol without a license. The government dismissed the other charges against him. Mr. Washington testified as a government witness at appellants' trial.

2. The government did not seek an indictment on the larceny charge because the complaining witnesses could not be located following the incident which gave rise to this case.

suspended execution of the former sentence and imposed a term of five years' probation.

On August 10, 1976, appellant Mosley received concurrent sentences of three to nine years on the pistol charge and one year on the narcotics charge. The court suspended execution of both sentences and imposed four years' probation.

Appellants contend jointly that the trial court erred in denying their motions to suppress and in allowing introduction of physical evidence of narcotics paraphernalia where the indictment did not charge appellants with such possession. Appellant Mosley contends individually that introduction of testimony referring to his arrest for commission of a crime not charged in the indictment was inflammatory and prejudicial. Finding no error, or prejudice requiring reversal, we affirm.

### I.

We hold that the trial court properly denied appellants' motions to suppress.

■ The validity of the stop of the truck and appellants' subsequent arrest cannot seriously be questioned. The "articulable suspicion" on which a permissible stop must be based, *Cooper v. United States,* D.C. App., 368 A.2d 554 (1977), was here provided by the truck's hasty exit from the vicinity of 3rd Street and New York Avenue, N.W., coupled with complainants' shouts that they had been robbed by the occupants of the truck. This court has found stops appropriate where a police officer's suspicion is aroused by receipt of information from a citizen which indicates that an offense has been committed. *See Lawson v. United States,* D.C.App., 360 A.2d 38 (1976); *United States v. Cousar,* D.C.App., 349 A.2d 454 (1975); *Galloway v. United States,* D.C. App., 326 A.2d 803 (1974); *United States v. Walker,* D.C.App., 294 A.2d 376 (1972), *appeal dismissed,* 304 A.2d 290, *cert. denied,* 414 U.S. 1007, 94 S.Ct. 368, 38 L.Ed.2d 245 (1973).

■ Similarly, complainant Wiggins' on-the-scene identification of appellants as the men who had robbed him provided probable cause for their arrest. *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959).

■ We sustain, as did the trial court, the on-the-scene seizure of evidence from the truck under the plain view exception to the warrant requirement. *Pittman v. United States,* D.C.App., 375 A.2d 16, 18 (1977); *Hemsley v. United States,* D.C.App., 353 A.2d 14, 15 (1976). To invoke the plain view exception, the officer must lawfully be present at the situs of the seizure, and discovery of the evidence must be inadvertent. *Pittman, supra* at 18, *citing Coolidge v. New Hampshire,* 403 U.S. 443, 466, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Brooks v. United States,* D.C.App., 367 A.2d 1297, 1305 (1976). The instant case is similar to *Hemsley, supra.* There police stopped appellant's car, and appellant exited the automobile, leaving the door ajar. Through the open door police observed the butt end of a handgun protruding from a paper bag resting on the car seat. This court there sustained the evidence under the plain view exception. The circumstances of the instant case are likewise compatible with such a finding.

■ We find further that the trial court properly denied suppression of evidence obtained during the next day's inventory search of the truck. Such a result is mandated by *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). There, the Court upheld an inventory search of a lawfully impounded vehicle which uncovered marijuana in a closed but unlocked glove compartment. The Court noted that such searches were routine and not unreasonable, and that police were obliged to safeguard both the impounded vehicle and its contents. In the instant case, in which all occupants of the truck were arrested, impoundment of the truck was lawful. *Cotton v. United States,* 371 F.2d 385, 392 (9th Cir. 1967). The trial court considered the search "routine" and noted that the presence of valuable tools and equipment in the truck conferred on police the duty to safeguard this property. We agree with the trial court's refusal to suppress the evidence and affirm.

### II.

■ We hold that the trial court did not abuse its discretion in allowing, over appellants' objection, the introduction of physical evidence in the form of a bottle cap "cooker" and syringe. Possession of these items is relevant to a prosecution for possession of heroin, and aided in explaining the circumstances surrounding the offense with which appellants were charged.

*Day v. United States,* D.C.App., 360 A.2d 483 (1976); *Wooten v. United States,* D.C. App., 285 A.2d 308 (1971). Moreover, admission of evidence of narcotics paraphernalia was non-prejudicial to a trial in which ample evidence had already been introduced to support a charge of narcotics possession, particularly since it is common knowledge that such items are ordinary concomitants of the crime with which appellants were charged.[3]

**3.** This case does not present the problem addressed in *Drew v. United States,* 118 U.S.App. D.C. 11, 331 F.2d 85 (1964). *Drew* deemed impermissibly prejudicial the admission of evidence of a defendant's other crimes to show that a defendant was more inclined to commit the crime with which he was charged. Such danger of prejudice was simply not present here.

### III.

Appellant Mosley contends individually that introduction of testimony referring to his arrest for larceny, a crime for which he was not indicted, was inflammatory and prejudicial.

On direct examination government counsel asked witness Washington a series of questions pertaining to his arrest. In answer to one of these questions, Mr. Washington said:

> Initially, I believe it was Officer Burnett who said we were under arrest for robbery. I believe. This was at the scene, by the truck. When we got to the station, I was told of other charges.

Defense counsel raised no objection to this testimony. Under such circumstances, we may notice only substantial plain error, the commission of which renders the trial a miscarriage of justice. *Tuckson v. United States,* D.C.App., 364 A.2d 138, 142 (1976); *Adams v. United States,* D.C.App., 302 A.2d 232 (1973). In this case, in which the reason for appellants' arrest was never again mentioned at trial, and in which appellants were impeached by prior convictions, an assignment of plain error cannot be sustained.

Finding no reversible error, the judgments are

*Affirmed.*