**Timothy PAISEY, Plaintiff-Appellant,**

**v.**

**Honorable Linda L. VITALE, a Judge of the Circuit Court of the 17th Judicial Circuit In and For BROWARD COUNTY, and Nova University, Inc., Defendants-Appellees.**

No. 86–5302.

United States Court of Appeals, Eleventh Circuit.

Dec. 23, 1986.

Donald Feldman, Feldman & Levy, P.A., Charles M. Levy, Miami, Fla., for plaintiff-appellant.

James A. Peters, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for Vitale.

Thomas F. Panza, Panza and Maurer, Raymond O. Holton, Jr., Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, Fort Lauderdale, Fla., for defendants-appellees.

Before JOHNSON and ANDERSON, Circuit Judges, and GARZA *, Senior Circuit Judge.

JOHNSON, Circuit Judge:

Appellant, Timothy Paisey, appeals the denial of his motion for a preliminary injunction and dismissal of the injunctive count of his complaint by the district court. Although we disagree with the rationale given by the district court for its decision, 634 F.Supp. 741 (1986), we affirm the district court's decision on other grounds.

## I. BACKGROUND

Paisey was an Assistant Professor of Psychology at Appellee Nova University, Inc. ("Nova"). In January 1983, Ms. Del Pino, a student in Nova's psychology graduate program was academically dismissed. After her dismissal, Del Pino hired an attorney, Mr. Burton, who wrote a letter on her behalf to the Office of Civil Rights of the United States Department of Education ("OCR") alleging discrimination by Nova against Hispanic females and questioning the competence of Nova's faculty. This letter was written on February 24, 1983.

A second letter containing similar allegations was sent to Nova's attorney, Mr. Panza, on February 25, 1983, with copies to Nova faculty members, certain administration officials, and the OCR regional office. Paisey gave Burton an affidavit that supported the letter's allegations.

On March 1, 1983, Nova filed a defamation suit in state court against Paisey, Del Pino and Burton. The action sought several million dollars in damages as well as injunctive and declaratory relief. The case was assigned to the Honorable Linda L. Vitale. Paisey and the other defendants filed complaints with the OCR alleging that Nova had filed the state lawsuit for a retaliatory purpose in violation of an anti-retaliation regulation promulgated by the Department of Education pursuant to its authority under Title VI of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000d.[1] The anti-retaliation regulation states that

No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by [§ 2000d] or this part, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this part.

34 C.F.R. 100.7(e). After an investigation, the regional OCR office found that Nova had filed its defamation suit for a retaliatory purpose in violation of this provision, and this finding was upheld on appeal by the main office of the OCR.

On February 22, 1985, Paisey filed an action in district court, naming as defendants Judge Vitale and Nova. The first count of the complaint asserted a cause of

* Honorable Reynaldo G. Garza, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

1. Section 2000d provides that "No person ... shall, on the ground of race, color or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." Each federal department and agency which is empowered to extend federal financial assistance is authorized "to effectuate the provisions of section 2000d ... by issuing rules, regulations, or orders of general applicability which shall be consistent with achievement of the objectives of the statute authorizing the financial assistance in connection with which the action is taken." 42 U.S.C.A. § 2000d–1.

action under 42 U.S.C.A. § 1983 against Judge Vitale and sought an injunction against her continuance of the state court action. The second count of the complaint asserted a private cause of action under Title VI and the anti-retaliation regulation against Nova and sought both compensatory and punitive damages. The third count of the complaint sought damages from Nova for abuse of process. Paisey also asserted violation of the anti-retaliation provision as both an affirmative defense and a counterclaim in the state court action, although he subsequently took a voluntary dismissal of the counterclaim after Judge Vitale granted in part Nova's motion to dismiss the counterclaim.

Nova filed a motion to dismiss the federal complaint and Paisey filed a motion for a preliminary injunction against Judge Vitale's continuance of the state court action. The district court entered an order denying Paisey's motion for a preliminary injunction, granting Nova's motion to dismiss the injunctive count of the complaint and dismissing Judge Vitale as a defendant. The district court also granted the motion to dismiss with regard to Paisey's abuse of process claim against Nova, but denied that motion with regard to the count asserting a private cause of action against Nova under Title VI and the anti-retaliation regulation. Paisey filed this appeal from denial of his motion for a preliminary injunction and dismissal of the injunctive count of his complaint. He filed a separate appeal from dismissal of his abuse of process claim[2] and Nova filed an interlocutory appeal from denial of its motion to dismiss the count asserting a private cause of action under Title VI and the anti-retaliation regulation pursuant to the district court's certification of that issue for immediate appeal under 28 U.S.C.A. § 1292(b).[3] These appeals have not been consolidated with the present appeal. Therefore, the only issue

before the Court at this time is the propriety of the district court's denial of Paisey's motion for a preliminary injunction and the dismissal of his injunctive count.

## II. DISCUSSION

The district court held that it was prohibited from issuing an injunction against Judge Vitale because of the doctrine of judicial immunity, which it construed as barring actions pursuant to Section 1983 against a judicial officer for action taken under authority of his or her office. The district court noted, however, that "[i]t is unclear from the complaint whether the plaintiff names Vitale for her role as a state official acting under color of state law for her unfavorable rulings in the state court defamation suit against Paisey or whether Paisey actually seeks to enjoin Nova from prosecuting its action in the state court." It then found that, if the complaint were construed as seeking injunctive relief against Nova, it was barred by the Anti-Injunction Act, 28 U.S.C.A. § 2283.[4] The district court also found that the anti-retaliation regulation was not intended to preempt state court defamation actions.

Paisey argues on this appeal that the district court misconstrued the gravamen of his complaint in reaching its decision denying relief. Paisey states that he is not seeking injunctive relief against Nova, which he admits is not a party acting under color of state law. Further, he asserts that Judge Vitale is being sued *"solely* for acting under color of state law *in entertaining* the retaliatory state lawsuit" and that "[h]er section 1983 status was merely for the exercise of state judicial power, *not for the manner* of its exercise." (emphasis in original). Although it is not necessary to our decision, we agree with Paisey that the face of his complaint shows that he is seeking injunctive relief pursuant to Section

2. *Paisey v. Nova University, Inc.,* No. 86–5461.

3. *Nova University, Inc. v. Paisey,* No. 86–5413.

4. The Anti-Injunction Act provides that "[a] court of the United States may not grant an

injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C.A. § 2283.

1983 solely against Judge Vitale because of her action in entertaining Nova's allegedly retaliatory lawsuit. Even if the complaint could be construed as asserting a Section 1983 action against Nova, however, our analysis would be the same. In either case, the issue before us is whether the district court erred in denying Paisey's motion for preliminary injunction and dismissing his Section 1983 claim when the sole basis for the claim is that a state judicial officer is entertaining Nova's retaliatory lawsuit. Although we disagree with the district court's finding that Judge Vitale was immune from suit, our answer to that question is nevertheless "no."

## A. Judicial Immunity

The district court held that Judge Vitale must be dismissed from the suit because "no civil rights cause of action can be maintained against a judicial officer for actions taken under authority of his or her office" under the doctrine of judicial immunity. This holding clearly is mistaken. While damages actions are not permitted against state judicial officers acting in their official capacities, injunctive relief is allowed. *Pulliam v. Allen*, 466 U.S. 522, 541–42, 104 S.Ct. 1970, 1980–81, 80 L.Ed.2d 565 (1984). Therefore, Paisey's cause of action for injunctive relief pursuant to Section 1983 is not barred by the doctrine of judicial immunity. Nevertheless, the district court did not err in denying Paisey's motion for a preliminary injunction and dismissing the injunctive count of Paisey's complaint because Paisey has failed to state a claim for relief cognizable under Section 1983.

## B. Section 1983

Section 1983 provides in pertinent part that

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C.A. § 1983. In order to state a claim under Section 1983, the plaintiff must show that he has been deprived of a right "secured by the Constitution and laws" of the United States and that, in depriving him of this right, the defendant was acting "under color of any statute" of the state. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930, 102 S.Ct. 2744, 2750, 73 L.Ed.2d 482 (1981); *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1732, 56 L.Ed.2d 185 (1978).

Paisey alleges in his complaint that actions of Judge Vitale are under color of state law and are proscribed activity when "read in *pari materia* with 34 C.F.R. 100.-7(e) implementing Title VI of the Civil Rights Act of 1964." As discussed above, the gravamen of his complaint against Judge Vitale is that her action in entertaining Nova's defamation suit violates Title VI and the anti-retaliation regulation because Nova brought that suit in retaliation for the statements that Paisey made to the Department of Education in support of Del Pino's complaint. Section 1983 provides a cause of action for violations of federal statutory as well as constitutional law. *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S.Ct. 2502, 2504, 65 L.Ed.2d 555 (1979). Therefore, we assume that Paisey's complaint meets the first requirement of Section 1983 by alleging deprivation of a right provided him by federal law.[5]

---

5. The Supreme Court has recognized two exceptions to the application of Section 1983 to statutory violations: (1) statutes with regard to which Congress has expressed an intent to foreclose private enforcement and (2) statutes that do not create enforceable "rights" under Section 1983. *Middlesex County Sewerage Authority v. National Sea Clammers Association*, 453 U.S. 1, 19, 101 S.Ct. 2615, 2625, 69 L.Ed.2d 435 (1981); *Pennhurst State School & Hospital v. Halderman*, 451 U.S. 1, 28, 101 S.Ct. 1531, 1545, 67 L.Ed.2d 694 (1981). In the present case, the district court found that the anti-retaliation regulation created a private cause of action. Im-

His complaint founders, however, on the second requirement—that the deprivation have been caused by the defendant while acting under color of state law. Obviously, the mere fact that Judge Vitale is named as a defendant in the suit does not create the requisite state involvement necessary under Section 1983. *Gresham Park Community Organization v. Howell*, 652 F.2d 1227, 1238 (5th Cir. Unit B 1981). Further, Paisey does not allege that Judge Vitale has herself committed any act with a retaliatory motive in violation of the anti-retaliation provision. *Cf. Pulliam*, 466 U.S. at 526, 104 S.Ct. at 1973 (Section 1983 action enjoining state magistrate from requiring bond for nonincarcerable offenses). It is instead merely Judge Vitale's action in hearing Nova's lawsuit that Paisey argues violates his federal rights.

This argument is without merit. In *Henry v. First National Bank of Clarksdale*, 444 F.2d 1300 (5th Cir.1971), *cert. denied sub nom. Henry v. Claiborne Hardware Co.*, 405 U.S. 1019, 92 S.Ct. 1284, 31 L.Ed.2d 483 (1972) ("*Henry I*"), the predecessor of this Court stated that "merely by holding its courts open to litigation of complaints, regardless of how baseless they eventually prove to be, [the state] does not clothe persons who use its judicial processes with the authority of the state." *Id.* at 1309 (quoting *Stevens v. Frick*, 372 F.2d 378, 381 (2d Cir.), *cert. denied*, 387 U.S. 920, 87 S.Ct. 2034, 18 L.Ed.2d 973 (1967)). In *Henry I*, a group of white merchants had filed a state court action against the NAACP, the Mississippi Action for Progress, Inc., and approximately 150 named individuals alleging that the defendants had entered into a conspiracy in restraint of trade and had engaged in secondary boycotts and other wrongful interference with the state plaintiff's businesses in violation of the Mississippi Anti-Trust Laws. *Id.* at 1302. The claim arose out of a boycott of the plaintiffs' businesses by the defendants as a protest of what they considered racially discriminatory practices by the merchants. *Id.* The state court defendants sought an injunction of the state court action in federal court, alleging that the filing and pendency of the state court action chilled their First Amendment rights. *Id.* at 1310. The district court granted the injunction, but the predecessor of this Court vacated the district court's order, finding that no state action was present. *Id.* at 1312.

■ The Court recognized that state action had been found in situations when purely private litigation had resulted in a state court judgment that was subject to immediate enforcement by the state. *See, e.g., Shelley v. Kraemer*, 334 U.S. 1, 13–14, 68 S.Ct. 836, 842, 92 L.Ed. 1161 (1948) (state enforcement of a private discriminatory contract violates the Fourteenth Amendment); *New York Times v. Sullivan*, 376 U.S. 254, 265, 84 S.Ct. 710, 718, 11 L.Ed.2d 686 (1964) (exercise of state power found in application by Alabama Supreme Court of state rule of law that allegedly violated constitutional freedoms of speech and press). The common element in those cases, however, was that state action was found "*after* a final judgment or otherwise dispositive order on the merits had been rendered by the state court." *Henry I*, 444 F.2d at 1309 (emphasis in original). In *Henry I*, however, there had been no final judgment entered in the state court proceeding and the Court refused to hold that the mere filing of a state law tort action could create the requisite state involvement:

> Judicial bodies are supposed to be neutral; perhaps their most magnificent feature is their accessibility to all claimants, no matter how unfounded those claimants' contentions may turn out to be. To say that an open courthouse door constitutes "state action" is to assume that the party whose private suit is challenged as

plicit in this determination was a finding that Congress did not intend to foreclose private enforcement of this provision and that this provision created enforceable rights. Because that determination is not before us for review on this appeal and because review of that determination is not necessary to our holding, we assume, without deciding, that neither of these exceptions would apply to Paisey's Section 1983 claim.

"state action" already has the court on his side before the adjudicatory process even commences.

.    .    .    .    .

To apply [the test for state action] to the mere filing of a private civil complaint in a state court and conclude that "state action" results would be to demean the judicial process. It would be to forget that a court is an open forum before which each party is to have a full and fair opportunity to make his case. Only after both parties to a private civil action here had their day in court and the court has reached its decision and rendered its judgment does the full power of the state come into play in enforcing the judgment.

*Id.* at 1310. Thus, state court involvement in a private civil action cannot rise to the level of state action until the state has placed its weight behind a position adverse to the federal plaintiff's federal right in the form of an "immediately enforceable" state court judgment, *Henry v. First National Bank of Clarksdale,* 595 F.2d 291, 299 (5th Cir.1979), *cert. denied sub nom. Claiborne Hardware Co. v. Henry,* 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756 (1980) (*"Henry II"*); *Gresham Park,* 652 F.2d at 1239, and, except in extraordinary circumstances, in order to be immediately enforceable, a state court judgment must have been approved by the highest court of the state. *Henry II,* 595 F.2d at 299.

Although the analysis in *Henry I* focuses on the "state action" requirement of the Fourteenth Amendment, rather than the "under color of state law" requirement present in all Section 1983 actions, its rationale is equally applicable to the present case.[6] Like the federal plaintiff in *Henry I,* Paisey seeks to find state involvement merely in the fact that the Florida state courts, through Judge Vitale, have held themselves open to hear tort actions such

as the one brought by Nova. Such an argument assumes that the Florida courts have aligned themselves with Nova in the state court action before they have even considered the merits of either side of this dispute. This is an unacceptable proposition. Providing a forum for adjudication is an essentially neutral act. To find in that act deprivation of a federal right under color of state law would not only demean the state court system, but would seriously alter the balance between state and federal courts by making Section 1983 applicable to every state lawsuit that might infringe on some constitutional or federal statutory right if brought for an improper motive, even though the only state involvement would be the neutral act of providing a forum for resolution of the dispute. As the Court noted in *Henry I,* "[r]emedies exist in our system of justice for unfounded suits in the common law actions for malicious prosecution and abuse of process" and "it is through the faithful enforcement of these remedies, rather than through denying access to the courts in the first instance, that, for the most part, the menace of bad faith private litigation should be controlled." *Henry I,* 444 F.2d at 1310–11.

Paisey has the opportunity to assert his federal rights in the state court action and, in fact, has done so. He also has the right to maintain a malicious prosecution or abuse of process action if in fact Nova's suit was brought for a retaliatory motive. If he feels that Judge Vitale has committed error in her rulings, he can appeal those rulings through the state appellate process. Therefore, unless and until the state indicates that it has "taken a stand" on Nova's side of the merits of this controversy by issuing an immediately enforceable state court judgment, Paisey has absolutely no basis for alleging action under color of state law merely by virtue of the fact the

6. *Henry I* was decided before the Supreme Court decision in *Flagg Brothers, Inc. v. Brooks,* 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978), which held that the state action and under color of state law requirements "denote two separate

areas of inquiry." *Id.* at 155–56, 98 S.Ct. at 1732–33. Therefore, the *Henry I* court did not distinguish between the two requirements in its analysis.

Florida state courts are adjudicating this controversy.[7]

Because we find that Paisey has failed to state a cause of action cognizable under Section 1983, we need not consider the other issues raised by this appeal.[8]

The judgment of the district court is AFFIRMED.

---

**7.** We do not imply by our holding in this case that, if an immediately enforceable state court judgment were present, that judgment necessarily would be sufficient to create the requisite action under color of state law. We make no comment on that issue, as it clearly is not before us, other than to note that it is clear that not every losing party in state court automatically has the requisite state involvement necessary to state a claim cognizable under Section 1983. *Gresham Park*, 652 F.2d at 1238; *accord, Dahl v. Akin*, 630 F.2d 277, 280 (5th Cir.1980).

**8.** We note one argument raised by Paisey, simply to clarify the extent of the issues that we decide. After repeatedly asserting that the gravamen of his claim for injunctive relief was relief pursuant to Section 1983 solely against Judge Vitale, Paisey nevertheless makes the argument that, even 'if injunctive relief is not proper in a Section 1983 action against Judge Vitale, he is entitled to an injunction as part of his relief pursuant to his private cause of action against Nova for violation of the anti-retaliation regulation. That issue is not properly before us. Neither the injunctive count of Paisey's complaint nor the motion for preliminary injunction raised the issue of whether injunctive relief against Nova pursuant to a private cause of action under Title VI was appropriate. Therefore, that issue is beyond the scope of this appeal.