Robert D. WOOTEN, Appellant,

v.

UNITED STATES, Appellee.

No. 5926.

District of Columbia Court of Appeals.

Submitted Nov. 17, 1971.

Decided Dec. 29, 1971.

---

O. B. Parker, Washington, D. C., appointed by this court, for appellant.

Thomas A. Flannery, U. S. Atty., with whom John A. Terry, Charles F. Flynn and Paul L. Friedman, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, KERN and NEBEKER, Associate Judges.

PER CURIAM:

This is an appeal from judgments of conviction after a trial by jury of assault with a dangerous weapon,[1] a pistol, and carrying a concealed weapon,[2] a pistol, for which appellant was sentenced to two to six years imprisonment on each charge to be served concurrently.

Appellant's main contention is that the trial judge erred in admitting evidence, over appellant's objection, that he had raped the complaining witness.[3] As the United States Court of Appeals for the District of Columbia Circuit stated in Drew v. United States, 118 U.S.App.D.C. 11, 15, 331 F.2d 85, 89 (1964),

[I]t is a principle of long standing in our law that evidence of one crime is inadmissible to prove *disposition* to commit crime, from which the jury may infer that the defendant committed the crime charged. . . . [Footnote omitted.]

*See also* United States v. Bobbitt, 146 U.S. App.D.C. ——, at ——, 450 F.2d 685 at 688 (decided Sept. 24, 1971); United States v. Gay, 133 U.S.App.D.C. 337, 339, 410 F.2d 1036, 1038 (1969), cert. denied, 400 U.S. 867, 91 S.Ct. 109, 27 L.Ed.2d 107; reh. denied, 400 U.S. 953, 91 S.Ct. 249, 27 L.Ed.2d 261 (1970).[4] Two well-established exceptions to the above general rule allow the introduction of evidence of an offense not charged where such evidence is relevant in establishing the motive or intent to commit the offense charged, United States v. Bobbitt, *supra*; United States v. Gay, *supra;* Drew v. United States, *supra,* or in explaining the circumstances of the offense charged, Fairbanks v. United States, 96 U.S.App.D.C. 345, 347, 226 F.2d 251, 253 (1955); Bracey v. United States, 79 U.S.App.D.C. 23, 26, 142 F.2d 85, 88, cert. denied, 322 U.S. 762, 64 S.Ct. 1274, 88 L.Ed. 1589 (1944); McDonald v. United States, D.C.Mun.App., 183 A.2d 396 (1962). Relevant evidence of an uncharged offense is admissible under these circumstances if its prejudicial effect is outweighed by its probative value, United States v. Gay, *supra,* and the trial judge's decision will be reversed on appeal only for abuse of discretion. Harper v. United States, 99 U.S.App.D.C. 324, 325, 239 F.2d 945, 946 (1956), Bracey v. United States, *supra.*

In the instant case, we find that the trial judge did not abuse his discretion. The testimony of the complaining witness concerning the alleged rape was highly probative of appellant's intent and motive in pointing the gun at her and in explaining

1. D.C. Code 1967, § 22–502.

2. D.C. Code 1967, § 22–3204.

3. Appellant also argues that the trial court erred in instructing the jury that the Government had no affirmative duty to make a paraffin test of the gun seized from him to determine if he had ever used it. However, appellant interposed no objection to this instruction when it was given as required by D.C.Super. Crim. Rule 30, and the instruction itself

was clearly not plain error within the meaning of D.C.Super. Crim. Rule 52(b). *See* Williams v. United States, D.C.App., 237 A.2d 539, 541 (1968).

After a review of the record in this case, we are also of the opinion that appellant's other contention that the evidence adduced at trial was insufficient to support the judgments is without merit.

4. Conviction affirmed on remand, Gay v. United States, D.C.App., 259 A.2d 593 (1969).

the circumstances surrounding appellant's use of the weapon for purposes of frightening her into submission, *cf.,* Ingram v. United States, D.C.Mun.App., 110 A.2d 693 (1955). The trial judge's immediate cautionary instruction to the jury concerning the limited purpose for which the evidence was introduced and a similar instruction contained in the final charge to the jury adequately protected appellant's interests.

Affirmed.