**Edward DAY, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 9339.**

District of Columbia Court of Appeals.

Argued April 21, 1976.

Decided July 14, 1976.

Lawrence P. Lataif, Arlington, Va., appointed by the court, with whom Richard Whittington Whitlock, Washington, D. C., also appointed by the court, was on the brief, for appellant.

Andrea L. Harnett, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Michael G. Scheininger, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KELLY, FICKLING and HARRIS, Associate Judges.

KELLY, Associate Judge:

Officers Richard D. Walker and Jesse Warrick, responding to a radio run for a robbery at 1341 East Capitol Street in this city, came upon a group of people outside the apartment building. After talking to members of this group the officers approached appellant and Elwood Grant, who were standing nearby. During the conversation which ensued appellant said, at intervals, "Did you come about the fight? . . . It was a fair fight. I just beat up the man upstairs. . . . I will take you to his apartment and let you talk to him yourself."

Appellant and Grant took the officers to an apartment on the top floor of the building. A woman answered the door and Officer Warrick observed a man behind her who appeared to be bent over in pain. After a discussion in the apartment with this individual, Bobby Quinn, Warrick returned to the hallway where appellant, Grant and Walker were waiting. He advised appellant and Grant they were under arrest for robbery, whereupon appellant, who had become belligerent even while waiting in the hall, began to strike Warrick about the body. A scuffle ensued during which appellant grabbed Warrick's revolver and it discharged. Grant, meanwhile, flung Walker over his shoulder down the steps, and fled. Appellant was finally subdued and arrested.

Appellant was charged with various assault counts on both Warrick and Quinn, the apartment dweller,[1] all of which were dismissed before trial except one count of assault on a police officer.[2]

The government was allowed at trial to present evidence of the events which precipitated appellant's arrest over repeated objections that it was hearsay evidence of an assault and attempted robbery, crimes with which he was not charged. A mistrial was requested and denied after the prosecutor's opening statement and again after Walker's direct examination. The court did, however, instruct the members of the jury that appellant was not on trial for any crime other than assault on Warrick and, in effect, they were not to consider evidence of the Quinn assault in determining guilt or innocence of the Warrick assault.[3] Officer Warrick also testified about the original encounter with appellant and the events which preceded the

---

1. Grant pled guilty to an assault on a police officer.

2. Quinn could not be located at the time of trial despite vigorous efforts on the part of the government.

3. The court also stated it would instruct the jury further at a later time but it never did so. No objection was made to the court's failure to include such an instruction in its final charge to the jury.

assault on him. Grant, testifying for the defense, was asked on cross-examination about the Quinn fight, as was appellant, who took the stand. The sequence of events was also mentioned in the prosecutor's closing argument.

It is appellant's contention that the evidence of an assault on and attempted robbery of Quinn was inadmissible hearsay which was incurably prejudicial to his case. As authority for this argument he cites *Drew v. United States*, 118 U.S.App. D.C. 11, 331 F.2d 85 (1964), and its progeny,[4] which proscribe the admission of evidence of crimes other than the one with which a defendant was charged except, among other reasons, where relevant to establish motive or intent to commit the offense charged or to explain the circumstances of the offense charged, and if its prejudicial effect is outweighed by its probative value.

Appellant mistakenly refers to evidence admitted over his objection as hearsay evidence since it consisted only of his own statements to the police and a recitation of subsequent events of which the witness had first-hand knowledge. Moreover, assuming the *Drew* principle is applicable in this case, the evidence was admissible, within the discretion of the trial court, to explain the surrounding circumstances of the crime charged. *Wooten v. United States*, D.C. App., 285 A.2d 308 (1971).[5] It also was relevant to show a motive for appellant to attack the officer in an attempt to escape arrest. *See Copeland v. United States*, 55 App.D.C. 106, 2 F.2d 637, *cert. denied*, 266 U.S. 629, 45 S.Ct. 128, 69 L.Ed. 476 (1924). The evidence actually explicated the events immediately preceding the assault on Officer Warrick, who was investigating a reported crime in the course of his official duties, and we discern no reversible error in its admission. *See generally McDonald*

*v. United States*, D.C.Mun.App., 183 A.2d 396 (1962) ; *Fairbanks v. United States*, 96 U.S.App.D.C. 345, 226 F.2d 251 (1955).

The judgment of conviction on appeal is

*Affirmed.*

---

4. *E. g., Wooten v. United States*, D.C.App., 285 A.2d 308 (1971). *See also Furr v. United States*, D.C.Mun.App., 32 A.2d 111 (1943).

5. Evidence which comes within the *Drew* exceptions should not be mentioned in opening statement, nor should it be ruled admissible without a proffer of proof from the government out of the hearing of the jury. *United States v. Bailey*, 164 U.S.App.D.C. 310, 505 F.2d 417 (1974), *cert. denied*, 420 U.S. 961, 95 S.Ct. 1350, 43 L.Ed.2d 438 (1975).