Daniel M. WILLIAMS, Appellant,

v.

UNITED STATES, Appellee.

Charles CALDWELL, Appellant,

v.

UNITED STATES, Appellee.

Nos. 10437, 10464.

District of Columbia Court of Appeals.

Argued Feb. 17, 1977.

Decided Oct. 25, 1977.

Michael Stuart Lieber, Washington, D. C., appointed by this court for appellant Wil-

liams, adopted the brief of appellant in No. 10464, but did not participate in argument.

John W. King, Washington, D. C., appointed by this court, for appellant Caldwell.

Mary Ellen Abrecht, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, and Harry R. Benner, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before NEBEKER and HARRIS, Associate Judges, and PAIR, Associate Judge, Retired.

NEBEKER, Associate Judge:

On this appeal from their convictions of armed robbery (D.C. Code 1973, §§ 22–2901, –3202), appellants contend (1) that the admission of testimony regarding an out-of-court identification of one appellant from a lineup photograph was error because of the suggestive circumstances surrounding the identification and the fact that the appellant was not represented by counsel at the identification proceeding; (2) that it was error to admit testimony regarding a contemporaneous armed robbery at a nearby store; and (3) that improper remarks by the prosecutor violated the appellants' right to a fair trial. We affirm the convictions.

A Safeway food store in Northeast Washington was robbed on April 8, 1975, by two men, one of whom held a gun on store employees while the other demanded money from a cashier. The robbers took an entire cash register drawer containing over $300 in cash, checks, and food stamps, put all in a grocery bag, and fled from the store. Police, summoned by a silent alarm set off by a store employee during the holdup, arrived at the scene as the robbers were fleeing on foot. One officer pursued the two running from the Safeway store while his partner followed a man who was running from the nearby A & P store, and who apparently had been involved in a robbery there. This man, identified as a Mr. Harrison, was caught and arrested. After talking with Mr. Harrison, the police broadcast a lookout for a 1973 or 1974 green Ford Torino with a white cup holder on the floor of the front seat.

The appellants were arrested about two hours after the robbery when a police officer discovered them hiding with the proceeds of the Safeway robbery in the back seat of a gray 1974 Ford Torino which had a white cup holder. Although no store employee identified the appellants as the robbers during a lineup, Mr. Donald Lewis, a store employee who did not attend the lineup, did make a limited identification of appellant Caldwell as one of the Safeway robbers when he was shown a photograph of the lineup by the government. Neither appellant's counsel was present at that identification proceeding.

■ Appellant Caldwell's contention that his Sixth Amendment right to counsel was denied when Mr. Lewis made the identification from the photograph of the lineup is without merit. See United States v. Ash, 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973), where the Supreme Court held that the Sixth Amendment does not guarantee the right to assistance of counsel at government-conducted photographic displays which are designed to give witnesses the opportunity to identify the accused.

With regard to appellants' argument that the circumstances surrounding the identification were suggestive, we conclude that the only suggestiveness present in the showing of the photograph to Mr. Lewis is that "suggestiveness" inherent in any regularly conducted lineup, where it is normally clear to the witness that the government suspects someone included in the lineup. This "suggestiveness" is not the type that creates a "substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). See also Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). The court's acceptance of appellants' definition of suggestiveness would completely vitiate the use of lineups or photographs thereof as a means of identification.

██ Appellants also argue that both the admission of testimony regarding the A & P robbery and the connection of the arrest of Mr. Harrison with the lookout broadcast for the Ford Torino were in violation of their right to due process, as enunciated in *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). In *Bruton,* the jury was told that one defendant had confessed and that he had implicated his codefendant, Bruton. Nevertheless, the jury was instructed that it could consider the confession as evidence of the guilt of the confessor but must ignore it as evidence of Bruton's guilt. The Court ruled that such mental gymnastics were beyond the capability of the jurors and accordingly reversed the conviction. In the instant case, all the jury knew was that Harrison was arrested, and that a lookout subsequently was issued for the Ford Torino in which the appellants eventually were found. Although the jury reasonably might have drawn inferences of some connection between Harrison and the appellants, the evidence is neither as compelling nor as irrebuttable as the *Bruton* confession. Nor can it truly be considered evidence of other crimes committed by the appellants. For all the jury knew, Harrison was a petty thief of tangerines who had seen the appellants in the Ford Torino and had given that information to the police.

If it were clear (and it is not) from the evidence of Harrison's arrest and the subsequent broadcast of the lookout that Harrison somehow had implicated the appellants in the offense for which Harrison was arrested (at most as aiders and abettors since Harrison and appellants were not together at that time), the question then before the court would be whether such evidence of another crime had a legitimate purpose and probative value outweighing any possible prejudicial impact. *See Drew v. United States,* 118 U.S.App.D.C. 11, 16, 331 F.2d 85, 90 (1964). We conclude that this evidence was both legitimate and necessary, in that ·the evidence of the sequence of events leading from the time of the robbery to the time of the arrest of these appellants would have been incomprehensible without some mention of the A & P robbery. Moreover, the fact that no clear connection existed between the A & P robbery, Harrison, and these appellants negates the possibility of substantial prejudice to the appellants.

██ We find no authority for appellants' claim that they were denied a fair trial due to the prosecutor's remarks regarding the fact that appellant Caldwell was writing at counsel table and the defense's so-called efforts to make government witnesses look foolish, nor have appellants cited anything which supports the claim. The prosecutor's closing remarks to the effect that each side in a criminal case brings forth all the evidence it considers probative borders on the impermissible by implying that the defendants did not testify or present evidence because they had nothing with which to contradict the prosecution. However, we do not believe that the brief and ambiguous comment amounted to a denial of due process, particularly in light of the trial judge's instructions on the government's burden of proof. *See Donnelly v. De Christoforo,* 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974); *United States v. Williams,* 479 F.2d 1138 (4th Cir.), *cert. denied,* 414 U.S. 1025, 94 S.Ct. 425, 38 L.Ed.2d 317 (1973).

Accordingly, the convictions are

*Affirmed.*