**Leonard SMITH, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 10552.**

District of Columbia Court of Appeals.

Submitted Jan. 12, 1977.

Decided Dec. 23, 1977.

---

Thomas W. Farquhar, Washington, D. C., appointed by this court, was on the brief for appellant.

Earl J. Silbert, U. S. Atty., and John A. Terry, Michael I. Gewirtz, and Mary Ellen Abrecht, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before KELLY, NEBEKER and MACK, Associate Judges.

PER CURIAM:

Leonard Smith, appellant herein, was charged with second-degree murder (D.C. Code 1973, § 22–2403), which is defined as killing with "malice aforethought." At trial, Smith did not deny having killed the victim, but claimed that the killing was accidental. The jury returned a verdict of guilty of the lesser-included offense of manslaughter (D.C.Code 1973, § 22–2405), which requires only criminal recklessness. On appeal, Smith contends that the trial court erred in admitting certain evidence. We find no error.

I.

In the course of the trial, there was testimony on more than one occasion suggesting that appellant Smith was homosexually involved with the man he killed. Appellant now complains that this evidence should have been excluded as tending to show "bad character." Even if we assume, however that the evidence was indicative of bad character,* appellant is in no better position.

 It is axiomatic that evidence of bad character is not admissible to prove criminal propensity. However, evidence tending to show bad character, like evidence tending to show the commission of other crimes, may be admissible to prove motive or intent, when motive or intent is in issue. *Fearson v. United States*, 10 App. D.C. 536, 537–38 (1897). *See also United States v. Gay*, 133 U.S.App.D.C. 337, 339–40, 410 F.2d 1036, 1038–39 (1969), cert. denied, 400 U.S. 867, 91 S.Ct. 109, 27 L.Ed.2d 107 (1970); *Drew v. United States*, 118 U.S. App.D.C. 11, 16, 331 F.2d 85, 90 (1964). Of course, where testimony tending incidentally to show bad character is introduced as bearing on motive or intent, the trial court must balance the probative value of the evidence against the prejudice to the defendant. *Wooten v. United States*, D.C. App., 285 A.2d 308, 309 (1971). But, especially where state of mind is concerned, the trial court will be accorded considerable leeway for the proper exercise of its discretion. *See United States v. Bobbitt*, 146 U.S.App. D.C. 224, 227–28, 450 F.2d 685, 688–89 (1971).

It is axiomatic that evidence of bad character is not admissible to prove criminal propensity. However, evidence tending to show bad character, like evidence tending to show the commission of other crimes, may be admissible to prove motive or intent, when motive or intent is in issue.

We believe that the trial court here acted within the bounds of its discretion when it permitted the testimony concerning appellant's homosexual relationship with the victim. *Cf. Tinker v. United States*, 135 U.S.App.D.C. 125, 417 F.2d 542 (1969). The

---

\* We may note in this connection that the government cautiously screened the jury panel on voir dire to eliminate any members who might consider homosexuality as evidence of bad character. We may note, in addition, that the government's proof only indicated that appellant was living in a close relationship with the decedent—the express allegations of homosexuality were elicited by defense counsel.

testimony was highly relevant on the question of motive or intent, the central issue in this case, and was not presented in such a way as to be unduly inflammatory. Indeed, the testimony suggesting Smith's intimacy with the victim may even have helped persuade the jury that Smith did not have the requisite malice to sustain a conviction for second-degree murder.

## II.

▮ Smith's next contention is that the trial court erred in admitting hearsay testimony from one of the government's witnesses. The witness testified at trial that during the course of the beating which resulted in the victim's death, Smith exclaimed (in addressing the victim), "bitch, been drunk all day and haven't even tried to make no money."

We note, initially, that this declaration may not be hearsay at all, as it was not offered as proof of the matter asserted therein. *See United States v. Brown*, 160 U.S.App.D.C. 190, 194–95, 490 F.2d 758, 762–63 (1974); McCormick on Evidence § 249 at 590–91 (2d ed. 1972). Even if we assume, however, that the declaration was hearsay, it would be admissible to prove present state of mind. *Gezmu v. United States*, D.C.App., 375 A.2d 520, 522 (1977); McCormick on Evidence, *supra* § 294. We recognize, of course, that considerable controversy has surrounded the "state of mind" exception to the hearsay rule where evidence showing present mental state is also used—incidentally or intentionally—to show past or future conduct. *United States v. Brown, supra; People v. Hamilton*, 55 Cal.2d 881, 13 Cal.Rptr. 649, 362 P.2d 473 (1961); McCormick, *supra* §§ 295 and 296. The statement here, however, presents no serious problem of this sort. If the statement proved any past conduct, it was that the victim had been drinking all day, a fact which had no relevance to the case and could cause no prejudice to the defendant. And if the statement tended to prove any future conduct, it was the beating and killing, which were not disputed.

## III.

▮ Smith's final assignment of error involves the admission of another piece of hearsay testimony. The witness whose testimony is disputed in this connection asserted at trial that, at the time of the fatal beating, he heard someone say to Smith, "Smitty, you shouldn't be carrying yourself the way you're doing." The statement was admitted as an excited utterance. In *Nicholson v. United States*, D.C.App., 368 A.2d 561, 564 (1977), we held that the elements necessary to justify the excited utterance exception to the hearsay rule are:

> (1) the presence of a serious occurrence which causes a state of nervous excitement or physical shock in the declarant, (2) a declaration made within a reasonably short period of time after the occurrence so as to assure that the declarant has not reflected upon his statement or premeditated or constructed it, and (3) the presence of circumstances, which in their totality suggest spontaneity and sincerity of the remark.

It was within the trial court's discretion to find that these three elements were satisfied here. *Id.*

The judgment of conviction is accordingly,

*Affirmed.*