Edward GREEN, Appellant,

v.

UNITED STATES, Appellee.

No. 80–1033.

District of Columbia Court of Appeals.

Argued Oct. 6, 1981.

Decided Jan. 7, 1982.

Sidney R. Bixler, Washington, D. C., appointed by this court, for appellant.

Darryl W. Jackson, Asst. U. S. Atty., Washington, D. C., for appellee. Charles F. C. Ruff, U. S. Atty., John A. Terry, Michael W. Farrell and James R. DiFonzo, Asst. U. S. Attys., Washington, D. C., were on brief for appellee.

Before NEBEKER and BELSON, Associate Judges, and YEAGLEY, Associate Judge, Retired.

BELSON, Associate Judge:

Appellant was found guilty by a jury of unlawful possession of marijuana, D.C.Code 1973, § 33–402. On appeal he alleges that, because he was charged only with possession, and not sale,[1] of marijuana, he was unduly prejudiced at trial by the admission

1. The government originally filed an information charging appellant with unlawful sale of marijuana, D.C.Code 1973 § 33–402. Subsequently, the government entered a *nolle prose-* *qui* as to the original information, and filed a new information charging appellant with unlawful possession of marijuana, *id.*

of evidence that he had made two sales of marijuana shortly before the police arrested him and recovered marijuana in his possession. We hold that under the facts present here the evidence of sales was properly admitted to explain the immediate circumstances surrounding the commission of the crime charged. Accordingly, we affirm the conviction.

## I

At trial the government's evidence showed that on September 27, 1979, Officer Vance Beard of the Metropolitan Police Department had secreted himself inside a building in the vicinity of Third and Parker Streets, Northeast, in order to make observations. Using a pair of ten-power binoculars, he saw a person, later identified as a Mr. Wright, approach appellant at the street corner. Appellant took a sum of money from Wright, entered a white van which was parked nearby, emerged from the van, and passed a small, brown manila envelope to Wright. Wright then got into a car and drove away. Officer Beard radioed officers of the mobile vice unit who stopped and arrested Wright one block away. These officers recovered from Wright a manila envelope which contained a brownish weed.

Officer Beard next observed another person, later identified as a Mr. Carter, approach appellant and give appellant money in exchange for a cream-colored manila envelope. Carter then walked away from the street corner. Officer Beard notified officers of the mobile vice unit who stopped and arrested Carter one block away. These officers recovered a manila envelope containing a brownish weed which Carter had dropped to the ground.[2]

Following appellant's transactions with Wright and Carter, Officer Beard saw appellant remove a large plastic bag from the white van and place the bag into an open portion of a cinderblock wall located behind the van. Officer Beard, along with other officers of the mobile vice unit, then went to that location to arrest appellant. The officers approached appellant and told him to place his hands on the wall. Appellant complied, and, in doing so, dropped what appeared to be a hand-rolled marijuana cigarette from his hand. The officers recovered the cigarette from the sidewalk and the plastic bag from the cinderblock wall. They also searched appellant and removed a manila envelope and $545 from appellant's pocket.

The plastic bag, the hand-rolled cigarette, and the manila envelope recovered from appellant's pocket were forwarded to the Drug Enforcement Administration for chemical analysis. All were found to contain marijuana. These items formed the basis for the charge of unlawful possession of marijuana.

Appellant presented no evidence at trial.

## II

During the government's case-in-chief, appellant did not object to the introduction of evidence that appellant had sold marijuana to Wright and Carter shortly before his arrest. Nevertheless, appellant claims on appeal that, since he was charged only with the unlawful possession of the marijuana contained in the plastic bag, the hand-rolled cigarette, and the manila envelope recovered from his pocket, it was error for the trial judge to admit evidence of the other uncharged crimes of sale of marijuana.[3] We conclude that no error was committed.

■ It is well established that evidence of other crimes is inadmissible except for specified, limited purposes. Moreover, because of the danger that a jury might be-

2. At trial there was no evidence introduced as to the nature of the brownish weed contained in the manila envelopes recovered from Wright and Carter.

3. Since appellant did not raise a timely objection to the admission of the evidence now challenged on appeal, in order to obtain appellate relief he must demonstrate that there was plain error, i.e., error which "so clearly prejudic[ed] ... substantial rights as to jeopardize the very fairness and integrity of the trial," Watts v. United States, D.C.App., 362 A.2d 706, 709 (1976) (en banc).

lieve that an accused with a criminal past is likely to have committed the crime charged, the probative value of the other crimes evidence must outweigh the prejudicial effect. *Tabron v. United States*, D.C.App., 410 A.2d 209, 214 (1979); *Day v. United States*, D.C.App., 360 A.2d 483, 485 (1976); *Drew v. United States*, 118 U.S.App.D.C. 11, 15, 331 F.2d 85, 89 (1964). We, however, have specified on numerous occasions that such evidence is admissible when relevant to explain the immediate circumstances surrounding the offense charged and when its probative value outweighs its prejudicial effect. *See Tabron v. United States, supra*, at 214 (evidence of a planned robbery by defendant and others was "relevant to explain the immediate setting" of the charged offense of murder that was committed at the site of the planned robbery); *Lewis v. United States*, D.C.App., 379 A.2d 1168, 1170–71 (1977) (where defendant was not charged with possession of narcotics paraphernalia, physical evidence in the form of a bottle cap "cooker" and syringe was nevertheless relevant to explain the circumstances surrounding the charged offense of possession of heroin); *Day v. United States, supra*, at 485 (evidence that police officers were arresting defendant for a reported robbery was relevant to explicate the events immediately preceding defendant's commission of an assault on one of the arresting officers, which was the charged offense); *Wooten v. United States*, D.C. App., 285 A.2d 308, 309–10 (1971) (evidence of an alleged rape by defendant was relevant to explain the immediate circumstances surrounding the charged offense of assault with a dangerous weapon). As McCormick puts it, such evidence is admissible "[t]o complete the story of the crime on trial by proving its immediate context of

happenings near in time and place." McCormick on Evidence § 190 (2d ed. 1972).

 In the instant case it is obvious that the evidence that appellant had made two sales of marijuana shortly before his arrest was relevant to explain the immediate circumstances surrounding the commission of the unlawful possession of marijuana. We also have no doubt that its probative value, particularly in placing in a context and making comprehensible to the jury the actions of the police in approaching, arresting, and searching appellant, outweighed any prejudicial effect.[4] *See Ford v. United States*, D.C.App., 396 A.2d 191, 193–94 (1978) (police officer's testimony that he was executing an outstanding arrest warrant was a permissible explication of events that led up to arrest of defendant, who was searched and found to be in possession of heroin). *Cf. Williams v. United States*, D.C. App., 379 A.2d 698, 700 (1977) (evidence of the sequence of events leading from the time of a robbery to the time of the arrest of defendants would have been incomprehensible to the jury without some mention of another robbery, which possibly implicated defendants as aiders and abettors). Given the facts of this case, the law did not require that the prosecution sanitize its evidence and begin its presentation in the middle of the sequence of interrelated events. Thus, even had appellant raised a timely objection, the trial court would have been justified in admitting the challenged evidence.[5]

 Appellant has not asserted on appeal that the trial court erred in failing to give, sua sponte, an instruction limiting the purpose for which the jury could consider the evidence of sales.[6] We note that when

4. We also note that, in contrast to cases involving an informant's tip of prior criminal activity, this case involved testimony concerning other crimes given by an eyewitness who was subjected to cross-examination.

5. Since the evidence in question was clearly admissible to explain the immediate circumstances surrounding the commission of the crime, we do not reach the alternative ground for admissibility urged by the government, *viz.*,

that the evidence of sales is admissible to establish appellant's general intent to possess marijuana. *See generally Willcher v. United States*, D.C.App., 408 A.2d 67, 75–76 (1979).

6. Instead of asserting that the failure to give a limiting instruction was error, appellant, in an attempt to bolster his argument that the evidence of sales was inadmissible, maintains that a limiting instruction would have been futile.

other crimes evidence is admissible the general rule is that the trial court must instruct the jury as to the limited purpose for which such evidence is admitted.[7] *Miles v. United States,* D.C.App., 374 A.2d 278, 283 (1977). However, considering the overwhelming weight of the evidence that appellant possessed marijuana, it is clear that the jury verdict was not substantially swayed by the failure to instruct. Thus, the failure to give such an instruction was not plain error.[8] *See Watts v. United States, supra,* at 709.

The conviction is

*Affirmed.*

---

**7.** *See* Criminal Jury Instructions for the District of Columbia, No. 2.49 (3d ed. 1978).

**8.** In light of the fact that appellant did not request that a limiting instruction be given, the standard of appellate review is whether plain error was committed. *See Miles v. United States, supra,* at 283. *See* note 3, *supra.*