Larry TOLIVER, Appellant,

v.

UNITED STATES, Appellee.

No. 81–930.

District of Columbia Court of Appeals.

Argued April 12, 1983.

Decided Oct. 31, 1983.

Judith Mroczka, Public Defender Service, Washington, D.C., with whom A. Franklin Burgess, Jr., Public Defender Service, Washington, D.C., at the time the brief was filed, and Elizabeth J. Branda, Public Defender Service, Washington, D.C., were on the briefs, for appellant.

Joseph Michael Hannon, Jr., Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., Michael W. Farrell, Judith Hetherton, and Bruce A. Peterson, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before KERN and NEBEKER, Associate Judges, and GALLAGHER, Associate Judge, Retired.

NEBEKER, Associate Judge:

■ Appellant was tried for and convicted of a single count of possession of heroin. D.C.Code § 33–402 (1973). On appeal, he challenges the trial court's asserted failure to caution the jury properly on the limited use of purported "other crimes" evidence. *See Drew v. United States,* 118 U.S.App. D.C. 11, 331 F.2d 85 (1964). He also alleges prosecutorial misconduct in closing argument.[1] Finding no error, we affirm.

I

Appellant was arrested after being observed from a police narcotics observation post exchanging small white packets for money with six separate individuals. Soon thereafter, a police arrest team moved in, and as they approached, saw appellant throw a small white object to the ground. The object was retrieved and appellant was placed under arrest. A subsequent strip search at the police station uncovered $1,293 in cash in appellant's pockets. The white packet was found to contain heroin.

At trial, the government introduced evidence of the sales of heroin, through police testimony and the introduction of the $1,293 found on appellant's person, as part of its proof of possession. At the conclusion of the government's evidence, over appellant's objection,[2] the trial court gave a modified *Drew* instruction to the jury concerning the appropriate use of the sales testimony.[3] This was the only cautionary instruc-

---

1. A third claim of error is the trial court's curtailment of appellant's cross-examination of Eldon Farmer, the Drug Enforcement Administration chemist who testified concerning his analysis of the heroin. In light of Farmer's actual testimony about the particular tests that he did perform, appellant's attempted inquiry into unperformed but superfluous tests was not erroneously held to be irrelevant. *See generally Springer v. United States,* 388 A.2d 846, 855–57 (D.C.1978).

2. Appellant's counsel objected pretrial to the introduction into evidence of the $1,293, without apparently making a more general objection to introduction of any evidence of the alleged sales. Subsequently, appellant's counsel objected to the trial court's "broad" *Drew* instruction, asserting that the testimony con-

cerning the sales of heroin should be considered by the jury *only* as it helped to explain the surrounding circumstances of the charged offense. *See Green v. United States,* 440 A.2d 1005 (D.C.1982). It is from this allegedly erroneous instruction that appellant appeals.

3. The instruction read:
   Evidence has been introduced in this case that Mr. Toliver, the defendant, was selling narcotics. Other evidence has been introduced that Mr. Toliver said he had purchased a narcotic and that Mr. Toliver said he sometimes used a narcotic.
   As you know, Mr. Toliver is not on trial here for any of those things. The reason this evidence was admitted was only for your consideration of whether it shows or tends to show that he intended to commit the offense

tion, concerning the sales evidence, given by the trial court to the jury.

## II

Appellant contends that the sole legitimate purpose of the sales evidence was to explain the surrounding circumstances of the possession offense. *See Green v. United States,* 440 A.2d 1005 (D.C.1982). Appellant thus claims that the trial court failed to advise the jury properly of the limited admissibility of the sales evidence, constituting reversible error.

At the outset, the government urges that we must find plain error in order to reverse because appellant's trial counsel did not press his objection to the absence of sufficient cautionary instructions, and the assertedly inappropriate use of the sales evidence. Though there is some merit in this argument, we decline to address it because it deflects our attention from the dispositive question of whether, in fact, the sales evidence constitutes "other crimes" evidence. We hold that it does not.

## A.

It is well settled that evidence of other crimes is inadmissible except for certain limited purposes. *See Green v. United States, supra,* 440 A.2d at 1006–07; *Tabron v. United States,* 410 A.2d 209, 214 (D.C. 1979). *See Drew v. United States, supra,* at 15, 331 F.2d at 89. However, such evidence is admissible when relevant to explain the immediate circumstances surrounding the offense charged. *See Green v. United States, supra,* 440 A.2d at 1006–07 (evidence

of sales of marijuana by defendant just prior to arrest for possession of marijuana relevant to explain immediate circumstances of the arrest); *Tabron v. United States, supra,* 410 A.2d at 214 (evidence of planned robbery "relevant to explain the immediate setting" of a murder committed at the site of the planned robbery); *Lewis v. United States,* 379 A.2d 1168, 1170–71 (D.C.1977) (evidence of recovered narcotics paraphernalia admissible to explain the surrounding circumstances of the charged offense of possession of heroin); *Day v. United States,* 360 A.2d 483, 485 (D.C.1976) (evidence that police officers were attempting arrest of defendant for robbery admissible to explain circumstances immediately preceding defendant's assault on one of the officers, which was the charged offense); *Wooten v. United States,* 285 A.2d 308, 309–10 (D.C. 1971) (evidence of an alleged rape by defendant relevant to explain the immediate circumstances surrounding charged offense of assault with a dangerous weapon). *Cf. United States v. Lewis,* 226 U.S.App.D.C. 236, 238–39, 701 F.2d 972, 974–75 (1983) (prosecutor eliciting actual reason for arrest on outstanding arrest warrant not error and admissible evidence). It is admissible "[t]o complete the story of the crime on trial by proving its immediate context...." McCormick on Evidence § 190 (2d ed. 1972). In fact, this limited class of evidence is not other crimes evidence because it is too intimately entangled with the charged criminal conduct. "Evidence of 'an uncharged offense arising out of the same transaction or series of transactions as the charged offense is not an extrinsic offense

for which he is on trial, that is that he intended to possess heroin, or that he had a motive to possess heroin, the offense for which he is on trial, or that he committed the offense—or to put it another way, that he did not commit the offense for which he is now on trial, if you find that he committed it, that he didn't commit it accidentally or by mistake, or finally, that he had a plan, namely this selling which included the possession of the heroin, the offense for which he is now on trial.

You are not required to accept this evidence, and whether you accept it or not is a matter for you to decide. But if you decide

to accept it, it is important that you keep in mind that you can only do so for those limited purposes that I just explained to you. You should not consider it by itself as tending to show in any other way that Mr. Toliver is guilty of the offense that he is now being tried for.

I will explain that to you again when I give you all the instructions at the end of this trial. But because we just heard all of this I thought it would help to explain it to you at this point, and when you hear it again if there are any problems, perhaps hearing it again will help you to understand it.

within the meaning of [other crimes evidence].' " *See United States v. Brooks,* 670 F.2d 625, 628–29 (5th Cir.1982); *United States v. Gonzalez,* 661 F.2d 488, 493–94 (5th Cir.1981); *United States v. Mitchell,* 613 F.2d 779 (10th Cir.), *cert. denied,* 445 U.S. 919, 100 S.Ct. 1283, 63 L.Ed.2d 604 (1980); *United States v. Contreras,* 602 F.2d 1237 (5th Cir.), *cert. denied,* 444 U.S. 971, 100 S.Ct. 466, 62 L.Ed.2d 387 (1979).

 In the instant case, evidence of appellant's sales was particularly valuable at placing in context and making comprehensible to the jury the circumstances surrounding the charged offense. Unquestionably, the sales evidence arose from the same series of transactions which underlay the charged possession offense. Certainly, therefore, the law does not require that the prosecution sanitize its evidence under these circumstances, and begin its presentation in the middle of a sequence of interrelated events. *See Green v. United States, supra,* 440 A.2d at 1007. Indeed, in cases where evidence of incidental, uncharged criminal conduct is inextricably intertwined with evidence of the charged offense, evidence of the uncharged criminal conduct is directly admissible without the necessity of a cautionary *Drew* instruction. Evidence of the contemporaneous criminal conduct is not "other crimes" evidence. *See United States v. Brooks, supra; United States v. Gonzalez, supra; United States v. Mitchell, supra; United States v. Contreras, supra.* In this light, the trial judge's instruction was actually solicitous of appellant and unnecessary.[4]

### B.

Appellant's other contention is that the prosecutor's closing argument was improper

and amounted to plain error requiring reversal. Appellant cites several instances of misconduct, only one of which merits substantive discussion.[5]

 Appellant asserts error in the prosecutor's comments on the police officers' credibility juxtaposed to an attack on appellant's credibility. Placing matters in context, the prosecutor sought, on rebuttal, to rehabilitate the officers' credibility, which had been put in question by defense counsel during his closing argument. The tactic was certainly a proper one for rebuttal. However, the prosecutor's statements that the officers had put themselves "on the line" and that they would be "written off the force" if they testified other than truthfully, were hardly grounded in the evidence and in hindsight are no doubt regretted. However, in the context of the entire argument and trial, this error does not rise to plain error requiring reversal.

*Affirmed.*

---

4. Contrary to appellant's assertion, *Green, supra,* does not pose an obstacle to our conclusion. *Green* actually reserved the question of the *extent* to which such sales evidence was admissible. Today, we hold that where the evidence is inextricably intertwined with evidence of the charged offense, it is directly admissible consistent with all other probative evidence properly before the jury.

5. Appellant claims error in the prosecutor's use of the sales evidence in closing argument. Given our resolution of the propriety of introducing that evidence at trial, we find the prosecutor's argument proper. All of appellant's other claims of prosecutorial misconduct are without merit.