**Edward AUGBURN, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 84–1096.**

District of Columbia Court of Appeals.

Submitted Nov. 26, 1985.
Decided Sept. 2, 1986.

Patricia Stewart, Washington, D.C., appointed by this court, was on the brief, for appellant.

Joseph E. diGenova, U.S. Atty., with whom Michael W. Farrell, Judith Hetherton, Steven I. Friedland, and Ariadne Symons, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before FERREN, BELSON, and STEADMAN, Associate Judges.

BELSON, Associate Judge:

A jury found Edward Augburn guilty of one count of possession of cocaine, D.C. Code § 33–541(d) (1985 Supp.). On appeal, Augburn makes two contentions: (1) that the trial court erred in denying Augburn's motion for mistrial based on the prosecutor's reference in his opening statement to Augburn's participation in drug sales just prior to his arrest, and (2) that the prosecutor improperly impeached Augburn with a previous conviction for attempted robbery. We find no error and affirm.

At trial, the two arresting officers testified that they saw Augburn standing near the mouth of an alley, approximately 110 to 130 feet from the officers' observation post. One of the officers testified that he observed at least two persons approach Augburn separately and speak briefly with him. Augburn entered the alley following each conversation.

Less than an hour after the officers' observation began, one Darrell Brown approached Augburn. The officers saw Brown speak with Augburn, reach into his own pocket, count out money, and hand the money to Augburn. Augburn then walked into the alley and disappeared momentarily from the officers' view. Augburn returned within a matter of seconds and handed a small, light-colored packet to Brown, who then walked away.

The officers followed Brown, and arrested him a few blocks away. The packet Augburn had given him contained cocaine. The officers then returned to the scene of the sale and arrested Augburn. Upon searching him, they found $1,175 in small bills. The officers searched the alley for hidden drugs, but did not find any.

Horace Robinson, a friend of Augburn's, testified for the defense. He said he was with Augburn for 25 to 30 minutes before Augburn's arrest, and that no one had approached Augburn during that time. Darrell Brown also testified for Augburn. He admitted that he had purchased cocaine, but stated that to the best of his knowledge Augburn was not the man who sold him the drug.

Augburn also testified in his own defense. He denied selling cocaine, and asserted that he had won the $1,175 in a crap game. After Augburn denied having seen cocaine being sold on Hanover Place, or ever having been in the alley, the prosecutor impeached him with a 1982 conviction for attempted robbery.

The jury found Augburn guilty of possession of cocaine.

Augburn focuses his first argument on the fact that during the government's opening statement, the prosecutor said that the officers "observed the defendant making, what appeared to be, a drug transaction out on the street." The prosecutor then outlined what the police officers saw, *viz.*, Augburn being approached by other persons and going in and out of the alley.

When the prosecutor asked one of the arresting officers to describe what Augburn was doing when the officers first saw him, Augburn's counsel objected. The court sustained the objection and instructed the prosecutor to limit his questions to Augburn's exchange with Brown. On appeal, Augburn asserts the prosecutor's reference in his opening statement to matters which were not placed in evidence later constituted misconduct and that the court erred in denying his motion for a mistrial.

In *Frazier v. Cupp*, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969), the Supreme Court held that an opening statement consisting of "an objective summary of evidence which the prosecution reasonably expected to introduce," although at variance with the evidence actually introduced at trial, need not be cause for reversal. *Id.* at 736, 89 S.Ct. at 1423. The Court noted that where the anticipated and unproduced evidence is not "touted" to the jury as a crucial part of the prosecution's case, " 'it is hard for us to imagine that the minds of the jurors would be so influenced by such incidental statements ... that they would not appraise the evidence objectively and dispassionately.' " *Id.* (quoting *United States v. Socony-Vacuum Oil Co.*, 310

U.S. 150, 239, 60 S.Ct. 811, ——, 84 L.Ed. 1129 (1940) ). The decision whether to grant a new trial when statements made in an opening presentation are not supported by evidence introduced at trial is within the trial court's discretion. *Robinson v. United States*, 361 A.2d 199, 200 (D.C.1976) (quoting *Mares v. United States*, 409 F.2d 1083, 1085 (10th Cir.1968), *cert. denied*, 394 U.S. 963, 89 S.Ct. 1314, 22 L.Ed.2d 564 (1969) ).

■ Our review of the prosecutor's opening statement reveals that there was no "touting" of the alleged previous drug sales; in fact, most of the prosecutor's statement directed the jury's attention to the incident involving Brown. The trial court did not abuse its discretion in refusing to grant Augburn's motion for a mistrial.[1]

We turn, then, to Augburn's second argument, that the prosecutor impermissibly impeached Augburn with his prior conviction for attempted robbery.

After asking Augburn numerous questions about his whereabouts on the day in question, the type of clothing he had been wearing, and the alleged transaction with Mr. Brown, the prosecutor closed his cross-examination with the following:

[The Prosecutor]: Have you ever seen cocaine being sold on Hanover Place?

[Appellant]: No, sir.

Q: No?

A: No, sir.

Q: Never?

A: Never.

---

1. Augburn's reliance on such cases as *Day v. United States*, 360 A.2d 483 (D.C.1976) and *United States v. Bailey*, 164 U.S.App.D.C. 310, 505 F.2d 417 (1974), *cert. denied*, 420 U.S. 961, 95 S.Ct. 1350, 43 L.Ed.2d 438 (1975), which held that other crimes evidence should not be mentioned in the opening statement, is misplaced. In *Toliver v. United States*, 468 A.2d 958 (D.C. 1983), this court held that evidence of an uncharged offense arising out of the same transaction or series of transactions as the charged offense is not evidence of an extrinsic offense within the meaning of other crimes evidence. *Id.* at 960–61. Thus, *Toliver* teaches that the

prosecutor did not refer to other crimes evidence when he mentioned Augburn's alleged involvement in other drug sales before his arrest, but rather was referring to evidence of contemporaneous criminal conduct. *Id.* at 961. *See also Green v. United States*, 440 A.2d 1005, 1006–07 (D.C.1982) (evidence of other uncharged crimes of sale of marijuana admissible is relevant to explain immediate circumstances of charged crime of unlawful possession of marijuana). While we need not decide whether the trial court erred in excluding the evidence in question, we observe that it would not have abused its discretion in admitting it.

Q: Have you ever been back in this alley, over here?

A: Who, me? No, sir.

[The Prosecutor]: With the Court's indulgence?

(A pause.)

[The Prosecutor]: And you stated that you started that crap game with fifty dollars? [Appellant]: Yes.

Q: You are the same Edward Augburn who was convicted of attempted robbery on August 5th, 1982; isn't that correct?

A: Yes.

[The Prosecutor]: I have no further questions, Your Honor.

■ Relying on *Dorman v. United States*, 491 A.2d 455 (D.C.1984) (en banc), Augburn asserts that the prosecutor impermissibly "paired" a question concerning appellant's previous convictions with a question that elicited a general denial of the charged offense, or a key element of the offense. We disagree.[2]

We observe first that *Dorman* held that the government may not juxtapose questions about a defendant's previous conviction of an offense similar to that charged with questions that elicit either a general denial of the charged crime or a denial of a key element thereof. *Id.* at 459. Here, the conviction used to impeach Augburn, attempted robbery, is not similar to the charged offense, possession of cocaine.

Second, by asking whether Augburn stated that he had started the crap game with $50, the prosecutor put a "buffer" between those answers that appellant might argue, tenuously, were general denials and the impeaching question. *Dorman* was concerned with situations in which, immediately after the defendant's denial of the offense or key element, the prosecutor asks a question regarding prior convictions for similar offenses. *See id.* at 463. Here, as we have indicated, the prosecutor did not ask Augburn the impeaching question

immediately after Augburn denied being in the alley or seeing cocaine sales, but rather interposed a question about Augburn's supposed participation in the crap game. While Augburn's testimony about the source of the money was certainly relevant, it was not an answer that embraced a general denial of guilt or a denial of a key element of the offense.

We held in *Dorman* that impeachment by prior conviction is impermissible if "the prosecutor's reference to a defendant's previous conviction is such that, under the circumstances, reasonable jurors would naturally and necessarily regard the manner in which the impeachment is accomplished as implying that the defendant is guilty of the crime charged because he was guilty of past crimes." *Id.* at 460. Applying that standard, we have no hesitancy in holding that the previous conviction impeachment of Augburn was permissible.

*Affirmed.*

---

**2.** We note that the defense counsel failed to object when the prosecutor impeached Augburn with his prior conviction. Where a defendant has failed to preserve his objection, this court uses the plain error test. *Dorman v. United States,* 491 A.2d at 461 (quoting *Watts v. United States,* 362 A.2d 706, 709 (D.C.1976) (en banc)). Here, there was no error, much less plain error.